THE STATE OF MONTANA, Plaintiff and Appellant, v. DAN M. OAKLAND, as County Treasurer of Valley County, Montana, and A. B. FRIEDLUND, as Administrator with the Will Annexed of the Estate of J. T. Kotaki, Deceased, Defendants and Respondents.

No. 9360.
Submitted June 27, 1955. Decided August 13, 1955.
287 Pac. (2d) 39.

Arnold H. Olsen, Atty. Gen., J. J. McCaffery, Jr., Spec. Asst. Atty. Gen., for appellant.

Gordon T. White, County Atty., Glasgow, for respondent Oakland, as County Treasurer.

John Marriott Kline and Leonard H. Langen, Glasgow, for respondent Friedlund and others.

Mr. Olsen, Mr. McCaffery and Mr. Kline argued orally.

HON. PHILIP C. DUNCAN, District Judge, sitting in place of Mr. Justice Bottomly who deemed himself disqualified:

Plaintiff brought this action for the purpose of obtaining a declaratory judgment that certain real estate consisting of city lots in Glasgow, Valley County, Montana, be declared forfeited to the State of Montana as of August 1, 1931, under the provisions of the Alien Land Law, R. C. M. 1947, sections 67-1001 to 67-1008, and that Valley County has no claim for taxes against the property from that date.

The complaint, filed December 31, 1943, in the district court of Valley County alleges that J. T. Kotaki, a resident and national of Japan, died testate in Japan on or about August 1, 1931, leaving the real property involved; that by the terms of his will the decedent devised all of this property to Akiyoshi Kotaki as his adopted son, a person born in Japan and a Japanese national; that defendant county treasurer claims certain delinquent taxes, penalty and interest are owing Valley County on the property; that defendant Friedlund is the administrator with the will annexed of the estate of the decedent; that decedent left surviving three brothers and three sisters, all residing in Japan; that under the Alien Land Law, supra, all of the property has belonged to the State of Montana since the death of decedent on August 1, 1931, and is not taxable by Valley County.

Defendants appeared and in June or July of 1953 the case was submitted to the court sitting without a jury upon a "Stipulation of Facts", without the taking of any actual testimony, under which it was agreed, so far as pertinent here, that J. T. Kotaki, a resident and national of Japan, died testate in Japan on or about August 1, 1931, leaving the real property involved which is being probated in the estate of decedent; that decedent left a will by the terms of which he devised the property to Akiyoshi Kotaki who was his nephew and adopted son and who is now and has been for a great number of years a resident and taxpayer of the State of Montana, although he was born in Japan and is a Japanese national; that defendant Friedlund is the duly qualified and acting administrator with the will annexed of the estate of the decedent; that certain taxes are owing to Valley County; that the State of Montana has commenced this action for a declaratory judgment that the property should escheat to the state under the Alien Land Law; that the only question in this case is whether or not the state can, under that law, compel the property of the late J. T. Kotaki, deceased, to escheat to the state.

Upon this stipulation of facts the district court on July 29, 1953, entered its findings of fact and conclusions of law under which it determined: That decedent was a resident and citizen of Japan at time of death; that at the time of his death he was the legal owner of the property; that he died testate and his will was admitted to probate in said district court and defendant Friedlund is the duly qualified and acting administrator with the will annexed of the estate of decedent; that decedent devised all of the property to his nephew and adopted son, Akiyoshi Kotaki, who is now and has been for many years a resident and taxpayer of the State of Montana, and a citizen of Japan, and since June 27, 1952, eligible for American citizenship; that the Alien Land Law is unconstitutional under both the Constitution of the United States and the State of Montana; that the county treasurer of Valley County is entitled to collect all back taxes on the property, but that defendants are entitled

to a decree adjudging that the property is the property of Aki-
yoshi Kotaki, subject to probate and the tax lien of Valley
County. In conformity with these findings and conclusions
and on August 8, 1953, the court entered its judgment determin-
ing that the deceased was at the date of his death the legal owner
of the property; that the state has no interest therein; that Aki-
yoshi Kotaki is now the owner of the proerty subject to probate
and the tax lien of Valley County.

Upon appeal the state takes the position that the decedent
was not the owner of the property at the time of his death, and
that the burden was upon the respondents to prove that de-
cedent was the lawful owner of the property under either (a)
the Treaty of Feb. 21, 1911 between the United States and Ja-
pan, 37 Stat. 1504, or, (b) that the decedent acquired the prop-
erty prior to the enactment of the Alien Land Law in 1923, or,
(c) that decedent acquired the property under certain special
provisions of the Alien Land Law, that is, by inheritance, in
good faith under a mortgage, or in the ordinary course of jus-
tice in the collection of debts.

However, it is evident from the foregoing statement of the pro-
ceedings had in the trial court that no such position was taken
by the plaintiff or anyone else, previous to appeal, either in
the pleadings or the stipulation of facts placed before the trial
court; that there it was alleged and agreed that the decedent
owned the property at the time of his death and the real issue
was whether or not the State of Montana could, under the pro-
visions of the Alien Land Law compel the property to escheat
to the state for the reason the property was devised by the de-
cedent to an alien incapable of holding the title against the
state. The complaint alleges in its paragraph ''I'' that the de-
cedent died testate, ''leaving the following described real es-
tate * * *'', in its paragraph ''VI'' that by the provisions of
the Alien Land Law, ''all of said real estate does and has since
the death of J. T. Kotaki, on August 1, 1931, belonged to the
State of Montana * * *'', and in its prayer plaintiff asks that
forfeiture be declared as of August 1, 1931. At no place does

the complaint so much as hint that the deceased was incapable of acquiring title to the property or was not the lawful owner at the time of his death, as he might well have been under either the Alien Land Law or the Treaty. In fact it is implicit in the allegations of the complaint that the state considered the decedent the lawful owner of the property at the time of his death, and this is bolstered by the stipulation of facts entered into and submitted by all of the parties to the trial court wherein it is agreed that the decedent died, ''leaving the following described real property * * *'', and no statement whatsoever from which it could even be implied that one of the questions to be determined was whether or not decedent acquired the property outside the terms of the Treaty or in contravention of the Alien Land Law, with a positive answer in either case resulting in a possible escheat, rather than whether or not escheat should be worked from the devise of decedent to his adopted son. In this connection it may also be pointed out, as it was by counsel for respondents on oral argument, appellant's brief on the first page states, ''In substance, the Complaint alleges that J. T. Kotaki, a resident and national of Japan, died in Japan on or about the 1st day of August 1931, *seized and possessed* of certain real estate * * *'' (the real property here involved).

Such being the situation, it is unnecessary to consider appellant's contention that decedent was not the lawful owner of the property at the time of death, or that the burden of proof was on respondents to prove decedent had lawfully acquired the property within the terms of the Treaty or not in contravention of the Alien Land Law. ''It is well settled that the theory upon which the case was tried in the court below must be strictly adhered to on appeal or review. Under this rule a party will not be permitted, in the appellate or reviewing court, to assume a position inconsistent with that occupied by him in the trial court with respect to the grounds or theory of recovery or relief or of defense or opposition, the nature or sufficiency of pleadings, the admissibility or sufficiency of evi-

dence, or the burden of proof.'' 3 Am. Jur., Appeal and Error, section 253, pages 35, 36 and 37.

The only remaining question then to be decided is that upon ▮ which the action was tried in the lower court and upon which it was decided, that is, the constitutionality of the Alien Land Law itself, and this court now finds the Alien Land Law, comprising sections 67-1001 to 67-1008, inclusive, Revised Codes of 1947, unconstitutional and void as being in contravention of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States for the reasons given, and which we find no necessity to repeat or extend, by the Supreme Courts of the State of California and of the State of Oregon in their very learned and extensive opinions wherein they found their respective Alien Land Laws, similar to those of Montana, invalid as infringements upon the equal protection clause of the Fourteenth Amendment. Sei Fujii v. State, 38 Cal. (2d) 718, 242 Pac. (2d) 617, 645; Kenji Namba v. McCourt, 185 Ore. 579, 204 Pac. (2d) 569. Reference is also had to the reasons given by Mr. Justice Black, with whom Mr. Justice Douglas agrees, and by Mr. Justice Murphy, with whom Mr. Justice Rutledge concurs, in their special concurring opinions in Oyama v. State of California, 332 U. S. 633, 68 S. Ct. 269, 92 L. Ed. 249. See also Haruye Masaoka v. People, 39 Cal. (2d) 883, 245 Pac. (2d) 1062, wherein the Supreme Court of California reaffirmed its decision in the Sei Fujii Case, supra.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAIR, and MR. JUSTICES ANGSTMAN, FORREST H. ANDERSON and DAVIS, concur.

MR. JUSTICE BOTTOMLY, deemed himself disqualified.